UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        v.

JOSE GONZALEZ,
LUIS OSORIO,

                     Defendants.

**Hon. Hugh B. Scott**

12CR88S

**Order**

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of facts and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 4).

The instant matter before the Court is defendant **Jose Gonzalez' omnibus motion** (Docket No. 11) which seeks the following relief: expert disclosure; disclosure of evidence under Federal Rules of Evidence 404(b); disclosure of Brady materials; preservation of agents' notes; make Federal Rule of Evidence 807 disclosure; make Federal Rule of Evidence 806 hearsay declarant disclosure; severance and separate trial; joinder in codefendant's motion (id.). Codefendant Luis Osorio joins in this motion (see text minute entry, July 6, 2012), thus this omnibus motion will be deemed a joint motion. Osorio moved for a Daubert[1] hearing as to the DNA that was used to establish Osorio's possession of the weapons at issue in this case (Docket

---

[1] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); Fed. R. Evid. 702.

No. 15); Gonzalez also joined in this Daubert hearing motion (see text minute entry, July 6, 2012). This Daubert issue will be considered in a separate Order.

The Government has filed responding papers (Docket No. 14, Gov't Response), also seeking reciprocal discovery (id. at 11-12), and oral argument was heard on August 20, 2012 (text minute entry, Aug. 20, 2012). Also argued was Osorio's motion for a Daubert hearing (id.) and this Court had reserved decision on both motions. Then Osorio filed additional, supplemental papers on his motion (Docket No. 18). This Court granted the Government leave to respond to them by September 18, 2012, and the Daubert motion would be deemed submitted on September 18, 2012 (Docket No. 19).

## BACKGROUND

Defendants are charged with several counts of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); possession of a short-barreled shotgun, in violation of I.R.C. §§ 5822, 5845(a), (1), 5861(c), 5871, and 18 U.S.C. § 2; possession of unregistered short-barreled shotgun, in violation of I.R.C. §§ 5841, 5845(a), 5861, and 18 U.S.C. § 2; possession of a defaced firearm, in violation of 18 U.S.C. §§ 922(k), 924(a)(2), 2, with forfeiture allegations (Docket No. 3, Indict.). This stems from defendants alleged possession of a Mossberg Model 500A 12-gauge shotgun and 12-gauge shells on December 14, 2011.

## DISCUSSION

I.  Expert Disclosure

Defendants concede that the Government produced initial, general discovery during its voluntary discovery (Docket No. 11, Gonzalez Atty. Affirm. ¶ 4). Defendants nevertheless now

move for Rule 16 expert disclosure from the Government (id. ¶¶ 5-6). The Government agrees to comply with Rule 16(a)(1)(G) and produce its expert disclosure as ordered by this Court. The Government **is to provide expert disclosure** pursuant to the Final Pretrial Order of the trial judge.

II.     Federal Rules of Evidence 404(b) Disclosure

Defendants next seek Federal Rule of Evidence 404(b) evidence (Docket No. 11, Gonzalez Atty. Affirm. ¶¶ 7-8). The Government replies that it will advise defendants of its intent to use such evidence at the time it produces Jencks Act materials (Docket No. 14, Gov't Response at 8), noting that Gonzalez has full knowledge of his criminal history and the Government intends to use whatever convictions this Court deems to be admissible to attack Gonzalez' credibility if he testifies (id. at 8-9). This notice and its timing **are sufficient**.

III.    Brady Materials

Defendants have requested that the Government disclose all materials potentially favorable to them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 105 (1979), and their progeny (Docket No. 11, Gonzalez Atty. Affirm. ¶¶ 9-18). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [Government's] witness," United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendants' motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it agrees to provide impeachment Brady material pursuant to the briefing schedule set forth by this Court in the Final Pretrial Order, and no later than when the Government intends to produce Jencks Act materials (Docket No. 14, Gov't Response at 7-8).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this District (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV. Preservation of Agents' Notes

Defendants next request that the Government preserve its agents' notes (Docket No. 11, Gonzalez Atty. Affirm. ¶ 19), as well as present a compilation of the documents that were destroyed during the course of and following the investigation of this case, as required by United States v. Lee, 862 F. Supp. 1129, 1139 (S.D.N.Y. 1994) (id. ¶¶ 20-21). The Government acknowledges its obligation to insure that agents preserve their notes (Docket No. 14, Gov't Response at 9-10). This is also **sufficient**. The Government requests that defendants preserve the notes of their investigator and witnesses (id. at 10). As with the reciprocal discovery (discussed below), the Government's request is apparently unopposed. Defendants, therefore, are to **preserve their investigators' and witnesses' notes**.

4

V.      Federal Rule of Evidence 807 Disclosure

Defendants next seek disclosure of residual hearsay evidence (Docket No. 11, Gonzalez Atty. Affirm. ¶¶ 22-24). The Government responds that it is unaware any Rule 807 statements it intends to introduce (Docket No. 14, Gov't Response at 10-11).

VI.     Federal Rule of Evidence 806 Hearsay Declarant Disclosure

Defendants seek disclosure, under Brady, any admitted hearsay statements (Docket No. 11, Gonzalez Atty. Affirm. ¶¶ 25-26). The Government has not expressly addressed this motion. Consistent with the production of Brady material, the Government is **to note any hearsay declarations it intends to introduce**.

VII.    Severance and Separate Trial

Defendants each seek severance and separate trials (Docket No. 11, Gonzalez Atty. Affirm. ¶¶ 27-28); Osorio also mentioned on July 6, 2012, that he seeks severance due to alleged incriminating statements by Gonzalez. As stated on July 6, 2012, during that proceeding, the issue of severance and separate trial, however, **is best deferred** to the District Judge who would ultimately try this case.

VIII.   Government's Request for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from defendants (Docket No. 14, Gov't Response at 11-12), without any apparent objection by either defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his or her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 14, Gov't Response at 11-12) is **granted**.

## CONCLUSION

For the reasons stated above, defendants' joint omnibus discovery motion (Docket No. 11, Gonzalez Motion, joined by defendant Osorio) is **granted in part, denied in part** as discussed above. Severance and any motions for separate trials **are deferred for determination by Chief Judge Skretny**. Osorio's motion (joined by Gonzalez) for a <u>Daubert</u> hearing will be addressed in a separate Order upon the full submission of that motion. Defendants' respective motions to join in the motions of the codefendant are **granted**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 18, 2012