UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   **DECISION AND ORDER**
     12-CR-088S

JOSE GONZALEZ & LUIS OSORIO,

   Defendants.

  1. Presently before this Court is Defendant Osorio's appeal from the Order of Magistrate Judge Hugh B. Scott. (Docket No. 24.) In an Order dated October 9, 2012, Judge Scott denied Osorio's motion for a Daubert hearing.[1] This Court affirms.

  2. After recovering a shotgun from the defendant's vehicle, the government, specifically the Erie County Forensic Laboratory, conducted DNA testing on the firearm. The lab compared that sample to DNA samples from the defendants and concluded that there is a 1 in 49,500 probability that the DNA sample taken from the shotgun *does not* belong to defendant Osorio. Osorio, as he did before Magistrate Judge Scott, objects to the analysis performed by the Erie County Forensic Laboratory and argues that a Daubert hearing is required to determine whether the evidence should be admitted. Judge Scott found that no such hearing was necessary and that Defendants' arguments went to weight, not admissibility.

  3. In short, this Court agrees. In essence, Osorio would have the lab utilize—for the purposes of comparison—only those loci with alleles that were present only at a 100-RFU-or-above threshold. (RFU is short for Relative Fluorescent Units). This minimizes the

---

[1] Defendant Gonzalez joined Osorio's motion for a Daubert hearing, but not the appeal.

chance that other alleles are indeed present at that loci, but not accounted for in the analysis because they have not met the higher 100-RFU threshold. This is referred to as allelic drop-out.

But according to Dr. John P. Simich, who is the Director of the forensic laboratory, the Scientific Working Group for DNA Analysis Methods, or SWGDAM, permits the type of analysis conducted here. Moreover, as noted by Judge Scott, this Court and others have found that arguments similar to Osorio's argument go to weight, not admissibility. Accordingly, this Court finds the method of analysis, reporting, and conclusions of the lab to be sufficiently reliable and accepted in the scientific community. As Judge Scott found, the weight of this evidence can be challenged on cross-examination and the presentation of contrary evidence and argument.

4. Finding no clear error in Judge Scott's Order, Defendant Osorio's appeal is denied. And no Daubert hearing will be held.

5. Osorio, however, raises the prospect of juror confusion on a topic as complex as DNA testing and analysis. The jurors' inability to pose questions, he argues, seriously hampers their fact- and truth-seeking ability. This Court agrees.

6. In United States v. Bush, the Second Circuit outlined a procedure that courts should follow when allowing members of the jury to ask questions. Courts should: (1) accept only written juror questions, (2) review the questions with counsel, and (3) ask the questions itself. 47 F.3d 511, 516 (2d Cir. 1995). If this case proceeds to trial, considering the deeply complex issues regarding DNA that are present here, this Court will allow jurors to propose questions on this limited topic. See, e.g., United States v. Witt, 215 F.2d 580, 584 (2d Cir. 1954) (authority to allow juror-initiated questioning lies within the trial court's

discretion). Further precautions and limitations may be needed. They can be addressed in time.

****

IT HEREBY IS ORDERED, that Judge Scott's Order (Docket No. 24) is AFFIRMED, consistent with this Decision.

FURTHER, Defendants' Motion for a <u>Daubert</u> Hearing (Docket No. 15) is DENIED.

Dated: December 26, 2012
       Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court